# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGETTE G. PURNELL,<br><br>   Plaintiff,<br><br>   v.<br><br>SUITE ONE REAL ESTATE SERVICES,<br><br>   Defendant. | Case No. 1:22-cv-01300-AWI-SAB<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL FOR LACK OF JURISDICTION, WITHOUT PREJUDICE TO REFILING IN STATE COURT**<br><br>(ECF No. 1)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Georgette G. Purnell ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, initiated this civil action on October 12, 2022, against Defendants Suite One Real Estate Services and Matthew Dahman (collectively, "Defendants"). (ECF No. 1.) On November 10, 2022, the Court granted Plaintiff's motion to proceed *in forma pauperis* but directed that service not be undertaken until it screened the complaint and issued a screening order. (ECF No. 5.) The complaint is now before this Court for screening. Having considered the complaint, the Court issues the following screening order and findings and recommendations recommending that the complaint be dismissed for lack of subject matter jurisdiction, and that this action be dismissed without prejudice to refiling in state court.

1

# I.

## SCREENING REQUIREMENT

In connection with proceedings *in forma pauperis*, 28 U.S.C. § 1915(e)(2) instructs the Court to dismiss a case at any time if the Court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or that seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Further, the Court has an independent duty to ensure it has subject matter jurisdiction in the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

The legal standard for dismissing a complaint as frivolous, malicious, or for failure to state a claim pursuant to § 1915(e)(2) is identical to the legal standard used when ruling on a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion. See, e.g., Hodge v. Murphy, 808 F. Supp. 2d 405 (D.R.I. 2011). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief …." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal (Iqbal), 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly (Twombly), 550 U.S. 544, 555 (2007)). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient …." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678–79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969. Nonetheless, *pro se* pleadings must be liberally construed. See Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).

As a general rule, the Court must limit its review to the operative complaint and may not consider facts presented in extrinsic evidence. See Lee v. City of L.A., 250 F.3d 668, 688 (9th

1 Cir. 2001). Materials submitted as part of the complaint, however, are not "outside" the complaint and may be considered. Id.; Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Moreover, the Court is not required to accept as true conclusory allegations which are contradicted by exhibits to the complaint. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001); Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295–96 (9th Cir. 1998). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff brings this civil action against her landlord, Suite One Real Estate Services ("Suite One"), and her real estate agent, Matthew Dahlman ("Dahlman"), who she alleges is the acting agent for Suite One. (ECF No. 1 at 1, 2.) Plaintiff alleges the Court has jurisdiction over this action because all parties reside within the Court's jurisdiction. (Id. at 2.)

The factual allegations in support of Plaintiff's action are asserted in the declaration attached to the complaint. (Id. at 3–4.) Plaintiff alleges she communicated with Dahlman via text message on September 6, 2022, regarding the real property at 1526 N. Palm Avenue, Fresno, CA 93218. (Id. at 3.) On September 10, 2022, Plaintiff provided her signature via electronic mail for purposes of leasing and moving into the property. (Id.) On September 11, 2022, Plaintiff signed the lease, which was to take effect on September 12, 2022. (Id.) Plaintiff received a key for the property on September 12, 2022. (Id.) Plaintiff paid Dahlman $2,000 before she entered the property. (Id.) Plaintiff alleges that, upon entering the property for the first time, she discovered a "number of concerns" not previously disclosed to her by Dahlman. (Id.) Plaintiff alleges these concerns were health and security-related. (Id.) Plaintiff then contacted Dahlman and requested the rental transaction be reversed and her $2,000 be returned, due to the previously undisclosed concerns she discovered at the property. (Id.) Dahlman denied this request. (Id.) Plaintiff

1 maintains she never consummated the lease because she never moved onto the property. (Id.)
2 She indicates Defendants' actions caused her emotional distress. (See id. at 1.) She seeks
3 compensatory and punitive damages in the amount of one million dollars. (Id. at 4.)

### III.

### DISCUSSION

For the reasons discussed herein, the Court finds it lacks subject matter jurisdiction over this action. There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.

#### A. Federal Question Jurisdiction

A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 386 (1987).

Here, the complaint does not identify any particular cause of action against Defendants, but is merely labeled a "civil complaint alleging money owed Plaintiff by Defendants resulting in emotional distress." (ECF No. 1 at 1.) Nonetheless, the facts alleged demonstrate the claim or claims presently at issue arise from state landlord-tenant law: that is, Plaintiff appears to seek recission of her lease and refund of the money she paid, based on certain conditions at the property which presented "security and health concerns," and which Plaintiff suggests the real estate agent had a duty to disclose in advance of executing the lease agreement. For Plaintiff's suit to "arise under" federal law, Plaintiff's "statement of [her] own cause of action" must "show[] that it is based upon [federal law]." See Vaden v. Discover Bank, 556 U.S. 49, 60–62 (2009). Because the complaint concerns a real property lease and matters arising under California landlord-tenant law, the action does not arise under federal law. The complaint, therefore, does not establish federal question jurisdiction.

#### B. Diversity Jurisdiction

A district court has diversity jurisdiction "where the matter in controversy exceeds the

4

sum or value of $75,000, … and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state ….") 28 U.S.C. § 1332(a)(1)–(2).  The burden of proving the amount in controversy depends on the allegations in the plaintiff's complaint.  See Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 998–1000 (9th Cir. 2007).  When the complaint alleges damages less than the jurisdictional requirement, the party seeking to establish diversity jurisdiction must prove the amount in controversy with legal certainty.  Id.; Rynearson v. Motricity, Inc., 601 F. Supp. 2d 1238, 1240 (W.D. Wash. 2009).

Here, Plaintiff asserts the amount in controversy exceeds $75,000 because she is seeking damages in the amount of one million dollars.  However, the factual allegations only identify damages in the amount of $2,000.  More importantly, Plaintiff has not met her burden of establishing complete diversity between the parties named in the lawsuit because she does not allege the parties are citizens of different states; to the contrary, Plaintiff alleges the parties all reside within this Court's jurisdiction, that is, the Eastern District of California.  (ECF No. 1 at 2.)  Accordingly, Plaintiff has not met her burden to establish diversity jurisdiction exists in this case. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

**C.     Supplemental Jurisdiction**

Finally, although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law, which, for the reasons previously explained, she does not.  See 28 U.S.C. § 1367.  Accordingly, the Court declines to address the potential viability of any state law claims at this time.

**IV.**

**CONCLUSION AND RECOMMENDATIONS**

For the foregoing reasons, because the complaint indicates Plaintiff's only potential claims arise solely under state law, this action does not arise under federal law.  Similarly, because Plaintiff has not met her burden of establishing that there is complete diversity between the parties named in the suit, the Court also does not have diversity jurisdiction.  Further, based on the facts alleged here, the Court finds amending the complaint would not cure the identified jurisdictional deficiencies.  Cato, 70 F.3d at 1106; see also Gardner v. Martino, 563 F.3d 981, 990

(9th Cir. 2009) ("When a proposed amendment would be futile, there is no need to prolong the litigation by permitting further amendment."). There being no apparent grounds for federal subject matter jurisdiction, it is appropriate to dismiss this action, without prejudice to refiling in state court.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's complaint (ECF No. 1) be DISMISSED for lack of federal subject matter jurisdiction;

2. The action be dismissed, without prejudice to refiling in state court; and

3. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 8, 2023**

UNITED STATES MAGISTRATE JUDGE